PER CURIAM.
The referee’s report and record in this disciplinary proceeding have been filed with this Court pursuant to Florida Bar Integration Rule, article XI, Rule 11.06(9)(b). We have jurisdiction. Art. V, § 15, Fla.Const.
The complaint of the bar contained the following allegations:
1. Respondent, Robert A. Alford, is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and Disciplinary Rules of the Supreme Court of Florida.
2. On or about September 11, 1979, respondent was retained by Mr. and Mrs. Ronald E. Ditslear to represent the husband in a noncontested change of custody involving Mr. Ditslear’s minor child, Scott A. Ditslear.
3. Respondent was paid $50 at that time on a total fee of $100. The remaining $50 was payable at the conclusion of the case.
4. Respondent was furnished with his client’s correct address as well as the Ohio address of the Mother who had legal custody.
5. On or about October 15, 1979, one of his clients attempted to contact respondent by phone regarding the status of their matter. He returned the call at the end of October, indicating he had been out of town and had not heard from the child’s Mother with respect to the consent papers. He also indicated he had not forwarded the papers by registered mail.
6. The clients next telephoned respondent’s office during the week prior to Thanksgiving, having not heard from him in the interim. He returned their call before Thanksgiving indicating still no progress and related some personal problems involving pet dogs. During this conversation, Mr. Ditslear requested a refund so they could retain other counsel. Respondent promised that he would refund their money by check that very afternoon.
7. After another three weeks passed without result, the clients again called respondent’s office. He returned their call sometime later but before Christmas to say that he had again been out of town and had sent their money to the wrong address. He indicated he had sent it to 240 Oxford Road, Apt. 1800, whereas the correct address was 240 Oxford Road, Apt. 18-A, in Fern Park, Florida.
8. Mr. Ditslear next made an appointment to meet with respondent on or about January 7, at 5:00 P.M. Respondent failed to keep this appointment scheduled to be at his office.
9. After Mr. and Mrs. Ditslear complained to The Florida Bar, a hearing was scheduled by Grievance Committee 9-A for February 20, 1980, which was can-celled at the request of respondent due to personal injury problems.
10. A probable cause hearing was held on March 19, 1980, which respondent also failed to attend notwithstanding both no *460 tice by personal service and subpoena on or about March 11, 1980. Respondent did, however, attempt to contact the Chairman and investigating member of the Committee and others with respect to gaining another continuance.
11. Mr. and Mrs. Ditslear finally retained other counsel for a similar $100 fee. No problems were encountered in contacting the Mother, gaining her consent, or setting an early hearing. However, as of early April, 1980, the case was withdrawn at the request of the Father since the child elected to return to its Mother.
12. During the six months when respondent had this matter the minor child was enrolled in a private school which was reluctant to keep him due to the Mother having permanent legal custody and was pressuring Mr. and Mrs. Ditslear to remove the boy or show proper custody. Mr. and Mrs. Ditslear made respondent aware of this problem at the outset and throughout this period of time.
13. By reason of the foregoing respondent has violated Disciplinary Rules 6-101(A)(3) and 7-101(A)(2) of The Florida Bar’s Code of Professional Responsibility.
The referee found that the respondent knew or should have known that where one parent has custody of a child and has agreed to a change in custody, prompt action should be taken on behalf of his client. The referee also found that the respondent did neglect a legal matter entrusted to him in violation of Disciplinary Rule 6-101(A)(3) and that he failed to carry out a contract of employment in a timely manner as required by the circumstances of his client, in violation of Disciplinary Rule 7-101(A)(2).
The referee recommended that respondent be found guilty of violating Disciplinary Rule 6-101(A)(3) and Disciplinary Rule 7-101(A)(2). The disciplinary measures recommended by the referee are that respondent receive a public reprimand and that he be placed on probation for a period of eighteen months. The terms of probation recommended by the referee are that respondent refund to his client the remaining ten dollars of the fifty-dollar fee already paid, and that respondent submit employment reports, at least quarterly, to the Clerk of the Supreme Court and to staff counsel of The Florida Bar. These reports should indicate the status of all matters entrusted to respondent for legal services, and should demonstrate that he is handling such matters properly.
We adopt the findings and recommendations of the referee except the recommendation concerning the employment status reports. We order that respondent be publicly reprimanded and that he be placed on probation for eighteen months. The condition of respondent’s probation is that he refund to his client the remaining ten dollars of the legal fee.
Costs in the amount of $369.52, shall be charged to respondent.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.